UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JANE DOE, as Parent and Next Friend of K.B., A Minor,     Plaintiff, | ) ) ) ) | |
| v. | ) ) | No.   18 - CV - |
| URBANA SCHOOL DISTRICT #116, a Unit of Local Government; Scott Woods, Individually and in his Official Capacity as Principal of Urbana Middle School, ; Donald D. Owen, Ed.D. as Superintendent of URBANA SCHOOL DISTRICT #116, in his Official Capacity; and THE URBANA SCHOOL  DISTRICT #116 BOARD OF EDUCATION , in Their Official Capacities.     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |

## CIVIL RIGHTS COMPLAINT

NOW COME, Jane Doe and K.B., the above referenced Plaintiffs, by their attorney, Alfred D. Ivy, III, pursuant state and federal law, and for their Complaint against the above referenced Defendants, and in support thereof Plaintiffs state as follows:

## JURISDICTION AND VENUE

1. This case is filed under 42 U.S.C. Section 1983; and the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

2. Jurisdiction exists in this Court under 42 U.S.C. Section 1981 and 1983, 28 U.S.C. Section 1331 and 1343.

3. This is a civil action seeking damages against defendants for committing acts, under color of law, which denied Plaintiff K.B. of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of imputing and hindering the due course of justice, with intent to deny the minor Plaintiff of equal protection of law; and for refusing or neglecting to prevent such deprivations and denials to the minor Plaintiff.

4. Plaintiffs also invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367(A).

5. Venue is proper in this court pursuant to 28 U.S.C. §1391 as, at all relevant times, all parties resided in the Central District of Illinois where the claims also arose.

## GENERAL ALLEGATIONS

6. Because of the intimate and personal nature of this Complaint, Jane Doe AND K.B. have sued under assumed names. Plaintiffs stand ready to reveal their true identities in such a manner and at such time as the Court deems appropriate and directs.

7. The named minor Plaintiff, K.B., is a 14 year old female residing in the City of Urbana, County of Champaign, State of Illinois, who was, at all relevant times, enrolled at Urbana Middle School, Urbana, Illinois.

8. The named Plaintiff, Jane Doe, is the mother of the minor Plaintiff, K.B., and is serving as Next Friend and guardian ad litem for the purposes of this action.

9. All of the aforesaid Plaintiffs are citizens of the United States of America and residents of the City of Urbana, Champaign County, Illinois.

10. Defendant, Urbana School District #116 (hereinafter "District 116") is a unit of local government located within Champaign County, Illinois.

11. The members of the Urbana School District #116 Board of Education, County of Champaign, and State of Illinois, (hereinafter "Board") are charged with the responsibility and the administration of the public schools within the aforesaid school district in Urbana, Illinois, pursuant to State law and are empowered to oversee the education and disciplining of pupils.

12. Defendant Donald D. Owen, Ed.D (hereinafter "Owen"), was, at the time of the occurrence herein, the general Superintendent of Urbana School District #116 in Urbana, Illinois, and as such is the chief administrative officer of the Urbana School Board of District #116 and is responsible for the administration of the public schools and the overseeing of the disciplinary process.

13. Defendant Scott Woods (hereinafter "Woods") was, at the time of the occurrence herein, the principal of the Urbana Middle School located in the City of Urbana, County of Champaign, and State of Illinois.

14. Woods was responsible for the administration of discipline and education of students at Urbana Middle School.

15. On or about the 29th day of September, 2017, K.B. was duly enrolled as a full-time regular student Urbana Middle School within the public school system of Urbana School District #116.

16. At all relevant times Defendants acted under the color of state law, within the scope of their duties and within the scope of their authority.

17. Defendants each, by virtue of a custom, pattern, practice or policy, have violated rights conferred upon K.B. by the Illinois Constitution, state laws, the United States Constitution, and federal laws.

18. All events giving rise to this cause of action occurred in Urbana, Champaign County, Illinois.

19. The amount in controversy is in excess of $75,000.00.

## FACTUAL BASIS

20. On or about Friday, September 29, 2017, several students, including plaintiff K.B. were involved in an altercation in the first floor hallway of Urbana Middle School.

21. Defendant Woods intervened, picked K.B. up bodily and threw plaintiff K.B. down the hall where K.B. fell heavily onto her knees.

22. Defendant Woods, at all times, was acting as the principal of Urbana Middle School, and was in a position of authority.

23. Defendant Woods did not have any reasonable cause to engage K.B. in an excessive and violent physical manner.

24. Upon seeing he severely injured Plaintiff K.B., Defendant Woods attempted to pick K.B. from the floor and carry her into a classroom.

25. Defendant Woods asked Plaintiff K.B. what happened and asked if K.B. was ok.

26. Plaintiff K.B. informed Defendant Woods that her knees hurt from being thrown down the hall.

27. Neither Defendant Woods, Owen or the Board contacted Plaintiff Jane Doe as mother of K.B. to inform her of what happened during the school day.

28. Later in the evening following the injury sustained at the hands of Defendant Woods, Plaintiff K.B.'s knee swelled up and caused her a great deal of pain.

29. Plaintiff Jane Doe transported her daughter K.B. to the emergency room at Carle Foundation Hospital for treatment wherein K.B. was diagnosed with a severe knee sprain.

30. Plaintiff K.B. was placed in a walking boot/knee brace and placed on crutches.

31. Plaintiff K.B. also received physical therapy for the rehabilitation of her knee.

32. Woods' actions were taken pursuant to the policies and direction of Owen and the Board.

33. Wood's actions were taken pursuant to his position as Principal under the supervision of Owen and the Board.

34. The Board and Owen had, at all relevant times, and has, a policy, procedure, or practice and custom, of failing to adequately train principals and personnel on the appropriate and correct procedures for apprehension, contacting parents of minors, conducting searches, avoiding profiling students on the basis of race, and preventing violations of the rights of students.

35. The Board and Owen had a custom of tolerating or acquiescing in the failure to adequately supervise, discipline its principals, and for failing to train its principals and personnel on the appropriate and correct procedures for apprehension, contacting parents of minors, avoiding profiling students on the basis of race, and preventing violations of the rights of its students.

36. The aforesaid actions of the Defendants were reckless, done with deliberate indifference, and disregard and substantial risk of violation and injury to K.B.

### **COUNT 1 – VIOLATION OF 42 USC 1983 BY DEFENDANT WOODS**

37. Plaintiffs reallege and restates the allegations of paragraphs 1 through 36 above as though they are fully restated herein.

38. At all relevant times, the Board or Owen or District 116 had a policy, practice, and custom of physically restraining, striking and pushing students.

39. Alternatively, at that time, Woods exercised, or was delegated authority to exercise, final policy-making authority for District 116 with respect to physical contact with students.

40. By reason of the acts of Woods, under color of state law, intentionally, with gross negligence, with reckless disregard and with malice to K.B., or with deliberate indifference, acted to deprive K.B. of her rights, privileges, and immunities secured by the United States Constitution and federal laws, including:
    a. K.B.'s right not to be seized and subjected to excessive force as provided by the Fourth Amendment to the United States Constitution;
    b. K.B.'s right not to be deprived of life, liberty, or property without due process of law, as secured by the Fifth and Fourteenth Amendments of the United States Constitution; and
    c. K.B.'s right not to be subjected to unreasonable seizures as provided by the Fourth Amendment of the United States Constitution.

41. As a proximate result of Woods' unlawful acts, K.B. has suffered injury, damages and legal costs.

42. Subsequent to the aforesaid actions, a school administrator and Defendant Woods met with K.B., her mother, and her aunt.

43. At that time and place, Defendant Woods acknowledged that the Board had a policy, practice, and custom of student seizures.

44. The implementation of this policy, practice, and custom was delegated to Defendant Woods.

45. Defendant Woods had the authority to not only implement, but to define the parameters and put into practice the seizure of minor students.

46. Defendant Woods acknowledged that there was a policy in effect regarding the seizure of students.

47. Defendant Woods acknowledged that Defendant Woods had violated that policy and used too much force and may have thrown K.B. down too hard.

48. Defendant Woods, in implementing the seizure of the minor herein, also violated the contact policy with respect to K.B. and at least one other student.

49. In committing the acts complained of herein, Defendant Woods acted under color of state law in that Defendant Woods was duly appointed and employed as a principal of Urbana Middle School in Urbana School District #116 at the time, date and place where the incidents Plaintiff complained of occurred.

50. Defendant Woods' actions of picking Plaintiff K.B. up and throwing her down onto her knees deprived Plaintiff of her constitutionally protected rights under the Fourth and Eighth Amendments to not be subjected to use of excessive force.

51. Defendant Woods' acts were the direct and proximate cause of Plaintiff's bruises, pain and injuries to Plaintiff's person.

52. The conduct of Defendant Woods was willful, malicious, oppressive and reckless, and was of such an egregious nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Woods for his violation of 42

U.S.C. Section 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### COUNT 2 – VIOLATION OF 42 USC 1981 BY DEFENDANT WOODS

53. Plaintiffs reallege and restates the allegations of paragraphs 1 through 36 above as though they are fully restated herein.

54. At all relevant times, District 116 had a policy, practice, or custom of conducting racially discriminatory illegal seizures, or imbued or delegated to Woods with the final decision-making authority to do so.

55. By reason of the acts of Woods, under color of state law, intentionally, with gross negligence, with reckless disregard and with malice to K.B., or with deliberate indifference, acted to deprive K.B. of her rights, privileges, and immunities secured by the United States Constitution and federal laws, including:

    a. K.B.'s right not to be seized, apprehended or taken into possession or custody as provided by the Fourth Amendment to the United States Constitution;
    b. K.B.'s right not to be deprived of life, liberty, or property without due process of law, as secured by the Fifth and Fourteenth Amendments of the United States Constitution;
    c. K.B.'s right not to be subjected to unreasonable seizures as provided by the Fourth Amendment of the United States Constitution; and
    d. K.B.'s right not to be profiled because of her race.

56. As a proximate result of Woods' unlawful acts, K.B. has suffered injury, damages and legal costs.

57. Subsequent to the aforesaid actions, a school administrator and Defendant Woods met with K.B., her mother, and her aunt.

58. At that time and place, Defendant Woods acknowledged that the Board had a policy, practice, and custom of student seizures.

59. The implementation of this policy, practice, and custom was delegated to Defendant Woods.

60. Defendant Woods had the authority to not only implement, but to define the parameters and put into practice the seizure of minor students.

61. Defendant Woods acknowledged that there was a policy in effect regarding the seizure of students.

62. Defendant Woods acknowledged that Defendant Woods had violated that policy and used too much force and may have thrown K.B. down too hard.

63. Defendant Woods, in implementing the seizure of the minor herein, also violated the contact policy with respect to K.B. and at least one other student.

64. In committing the acts complained of herein, Defendant Woods acted under color of state law in that Defendant Woods was duly appointed and employed as a prin-

cipal of Urbana Middle School in Urbana School District #116 at the time, date and place where the incidents Plaintiff complained of occurred.

65. Defendant Woods' actions of picking Plaintiff K.B. up and throwing her down onto her knees deprived Plaintiff of her constitutionally protected rights under the Fourth and Eighth Amendments to not be subjected to use of excessive force.

66. Defendant Woods' acts were the direct and proximate cause of Plaintiff's bruises, pain and injuries to Plaintiff's person.

67. The conduct of Defendant Woods was willful, malicious, oppressive and reckless, and was of such an egregious nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Woods for his violation of 42 U.S.C. Section 1981 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

## COUNT 3 – VIOLATION OF 42 USC 1983 BY DEFENDANT BOARD

68. Plaintiffs reallege and restates the allegations of paragraphs 1 through 36 above as though they are fully restated herein.

69. The Board was responsible for the supervision, training and discipline of Owen, Woods and other school personnel.

70. The Board had, at all relevant times, and has, a policy or procedure or practice and custom of tolerating or acquiescing in its personnel inadequate investigation, failing to adequately supervise and discipline its personnel, or failing to train its personnel on appropriate and proper methods of student discipline, investigation, recognition, or correct procedures for apprehension, contacting parents, conducting seizures and inappropriate touching of students, and preventing violations of students' rights.

71. The policies or procedures or practices and customs of the Board which resulted in violations of Plaintiff's rights under the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution and state and federal laws including:

    a. A custom or practice of allowing its school personnel to create dangers to students without taking appropriate remedial measures to protect them;
    b. Failing to educate and train its school personnel in proper apprehension, protection or custody, recognition, investigative or safety procedures, seizures, and contacting parents; and
    c. Failing to train and educate its school personnel on proper methods to avoid creating dangers and failing to protect students.

72. The Board, knowing of the inadequacy of the custom or practice and failing to train school personnel, should have personally participated to provide direction to school personnel or knew, or should have known, that Woods was going to touch or search K.B. or other students illegally and allowed Woods to proceed to implement his illegal seizure of K.B.

73. The Board's failure to train its employees in a relevant respect evidenced a deliberate indifference to the race of the students.

74. The Board intentionally, knowingly, recklessly or with deliberate indifference promulgated or acquiesced in the aforementioned policies, procedure, practice or customs that caused, aided or failed to prevent the violations and deprivations of K.B.'s rights under the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

75. That as a proximate result of the Board's unlawful acts, K.B. has suffered damages including, but not limited to, past, present, and future economic loss, physical injury including permanent scarring, non-economic damages including, but not limited to, extreme pain, outrage, humiliation, emotional and psychological distress, deprivation of constitutional rights, and legal costs.

76. Subsequent to the aforesaid actions, a school administrator and Defendant Woods met with K.B., her mother, and her aunt.

77. At that time and place, Defendant Woods acknowledged that the Board had a policy, practice, and custom of student seizures.

78. The implementation of this policy, practice, and custom was delegated to Defendant Woods.

79. Defendant Woods had the authority to not only implement, but to define the parameters and put into practice the seizure of minor students.

80. Defendant Woods acknowledged that there was a policy in effect regarding the seizure of students.

81. Defendant Woods acknowledged that Defendant Woods had violated that policy and used too much force and may have thrown K.B. down too hard.

82. Defendant Woods, in implementing the seizure of the minor herein, also violated the contact policy with respect to K.B. and at least one other student.

83. In committing the acts complained of herein, Defendant Woods acted under color of state law in that Defendant Woods was duly appointed and employed as a principal of Urbana Middle School in Urbana School District #116 at the time, date and place where the incidents Plaintiff complained of occurred.

84. Defendant Woods' actions of picking Plaintiff K.B. up and throwing her down onto her knees deprived Plaintiff of her constitutionally protected rights under the Fourth and Eighth Amendments to not be subjected to use of excessive force.

85. Defendant Woods' acts were the direct and proximate cause of Plaintiff's bruises, pain and injuries to Plaintiff's person.

86. The conduct of Defendant Woods was willful, malicious, oppressive and reckless, and was of such an egregious nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against the Board for its violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

## COUNT 4 – VIOLATION OF 42 USC 1983 BY DEFENDANT OWEN

87. Plaintiffs reallege and restates the allegations of paragraphs 1 through 36 above as though they are fully restated herein.

88. Defendant Donald D. Owen, Ed.D, in his capacity as Superintendent of Urbana School District #116, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, allowing employees of the Urbana School District #116 to use excessive force without legal justification.

89. The failure of Defendant Owen, in his capacity as Superintendent of Urbana School District #116, to adequately train and supervise Defendant Woods amounts to deliberate indifference to the right of Plaintiff K.B. to be free from excessive force under the Fourth and Eighth to the Constitution of the United States.

90. As a result of this deliberate indifference to Plaintiff K.B.'s constitutional rights, Plaintiff K.B. suffered personal injuries and is therefore entitled to relief under 42 U.S.C., Section 1983.

91. In committing the acts complained of herein, Defendant Owen acted under the color of state law to deprive Plaintiff K.B. as alleged herein of certain constitutionally protected rights to be free from the excessive use of force by persons acting under color of state law and the right to just compensation for any injuries resulting therefore.

WHEREFORE, Plaintiff prays for judgment against the Owen for his violations of 42 U.S.C. 1983 in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

### COUNT 5 - STATE LAW CLAIM FOR BATTERY (SCOTT WOODS)

92. Plaintiffs reallege and restates the allegations of paragraphs 1 through 36 above as though they are fully restated herein.

93. Defendant Woods knowingly and without legal justification made contact of a harmful, insulting or provoking nature and caused bodily harm to Plaintiff K.B. when he picked Plaintiff K.B. up and threw her down onto her knees, thereby constituting battery under Illinois law.

94. Defendant Woods' acts were the direct and proximate cause of Plaintiff's bruises, pain and injuries to Plaintiff's person.

95. The conduct of Defendant Woods was willful, malicious, oppressive and reckless, and was of such an egregious nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against Woods for his violations state law in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

# COUNT 6 - STATE LAW CLAIM FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT DONALD D. OWEN, Ed.D.

96. Plaintiffs reallege and restates the allegations of paragraphs 1 through 36 above as though they are fully restated herein.

97. Defendant Scott Woods was at all times material to this complaint an employee and agent of Defendant Owen, and acting within the scope of his employment.

98. Defendant Owen is liable for the acts of Defendant Woods which violated state law under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment against the Owen for his violations of state law in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs, attorney's fees, and other appropriate relief, including punitive damages.

        Respectfully submitted
        Jane Doe – Parent and Next Friend of K.B.,
                Plaintiff

        s/ Alfred D. Ivy, III
        Alfred D. Ivy, III
        Attorney for Plaintiff

Alfred D. Ivy, III, #6277701
Attorney for Plaintiff
159 Lincoln Square
300 S. Broadway Ave.
Urbana, Illinois 61801
(217) 480-4893 cell
lawmba1@gmail.com