UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, as Parent and Next Friend of K.B., A Minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:18-cv-02249 ) |
| URBANA SCHOOL DISTRICT #116, a Unit of Local Government; Scott Woods, Individually and in his Official Capacity as Principal of Urbana Middle School; Donald D. Owen, Ed.D. as Superintendent of URBANA SCHOOL DISTRICT #116, in his Official Capacity; and THE URBANA SCHOOL DISTRICT #116 BOARD OF EDUCATION, in Their Official Capacities. | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT DONALD D. OWEN, Ed.D's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Defendant, DONALD D. OWEN, Ed.D., as Superintendent of Urbana School District No. 116 (hereinafter "Defendant" or "Owen"), by and through his attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, and for his Answer and Affirmative Defenses to Plaintiff's Civil Rights Complaint and Demand for Jury Trial, states as follows:

JURISDICTION AND VENUE

1.  This case is filed under 42 U.S.C. Section 1983, and the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

ANSWER: Defendant admits that Plaintiff filed a Complaint pursuant to 42 U.S.C. Section 1983 and the Fourth, Fifth, Ninth, and Fourteenth Amendments of the United Stated Constitution.

2.  Jurisdiction exists in this Court under 42 U.S.C. Section 1981 and 1983, 28 U.S.C. Section 1331 and 1343.

ANSWER: Defendant admits that this Court has jurisdiction over Plaintiff's lawsuit.

3. This is a civil action seeking damages against defendants for committing acts, under color of law, which denied Plaintiff K.B. of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of imputing and hindering the due course of justice, with intent to deny the minor Plaintiff of equal protection of the law; and for refusing or neglecting to prevent such deprivations and denials to the Minor Plaintiff.

ANSWER: Defendant admits that the instant lawsuit is a civil action seeking damages. Defendant denies the remaining allegations of paragraph 3.

4. Plaintiffs also invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. Section 1367(A).

ANSWER: Defendant admits Plaintiff seeks to invoke the supplemental jurisdiction of the Court pursuant to 28 U.S.C. Section 1367(A).

5. Venue is proper in this court pursuant to 28 U.S. C. §1391 as, at all relevant times, all parties resided in the Central District of Illinois where the claims also arose.

ANSWER: Defendant admits the allegations of paragraph 5.

## GENERAL ALLEGATIONS

6. Because of the intimate and personal nature of this Complaint, Jane Doe and K.B. have sued under assumed names. Plaintiffs stand ready to reveal their true identities in such a manner and at such time as the Court deems appropriate and directs.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. The named minor Plaintiff, K.B., is a 14 year old female residing in the City of Urbana, County of Champaign, State of Illinois, who was, at all relevant times, enrolled at Urbana Middle School, Urbana, Illinois.

ANSWER: Defendant admits the allegations of paragraph 7.

8. The named Plaintiff, Jane Doe, is the mother of the minor Plaintiff, K.B., and is serving as Next Friend and guardian ad litem for the purposes of this action.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. All of the aforesaid Plaintiffs are citizens of the United State of America and residents of the City of Urbana, Champaign County, Illinois.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 9.

10. Defendant Urbana School District #116 (hereinafter "District 116") is a unit of local government located within Champaign County, Illinois.

ANSWER: Defendant admits the allegations of paragraph 10.

11. The members of the Urbana School District #116 Board of Education, county of Champaign, and State of Illinois (hereinafter "Board") are charged with the responsibility and the administration of the public schools within the aforesaid school district in Urbana, Illinois, pursuant to State law and are empowered to oversee the education and disciplining of pupils.

ANSWER: Defendant needs not answer paragraph 11, as only legal conclusions are asserted therein. To the extent an answer is required, Defendant admits to only those duties and responsibilities imposed by law.

12. Defendant Donald D. Owens, Ed.D (hereinafter "Owen") was, at the time of the occurrence herein, the general Superintendent of Urbana School District #116 in Urbana, Illinois, and as such is the chief administrative officer of the Urbana School Board of District #116 and is responsible for the administration of the public schools and the overseeing of the disciplinary process.

ANSWER: Defendant admits that at the time of the occurrence, he was the general Superintendent of Urbana School District #116 in Urbana, Illinois, and as such was the chief administrative officer of the Urbana School Board of District #116 responsible for the administration of the public schools. Defendant affirmatively states that his last name is Owen, not Owens as he is identified incorrectly in paragraph 12. Defendant denies the remaining allegations of paragraph 12 as characterized.

13. Defendant Scott Woods (hereinafter "Woods") was, at the time of the occurrence herein, the principal of the Urbana Middle School located in the City of Urbana, County of Champaign, and State of Illinois.

ANSWER: Defendant admits the allegations of paragraph 13.

14. Woods was responsible for the administration of discipline and education of students at Urbana Middle School.

ANSWER: Defendant admits the allegations of paragraph 14.

15. On or about the 29th day of September, 2017, K.B. was duly enrolled as a full-time regular student Urbana Middle School within the public school system of Urbana School District #116.

ANSWER: Defendant admits the allegations of paragraph 15.

16. At all relevant times Defendants acted under the color of state law, within the scope of their duties and within the scope of their authority.

ANSWER: Defendant needs not answer paragraph 16, as only legal conclusions are asserted therein. To the extent an answer is required, Defendant admits to only those duties and responsibilities imposed by law.

17. Defendants each, by virtue of a custom, pattern, practice or policy, have violated rights conferred upon K.B. by the Illinois Constitution, state laws, the United States Constitution, and federal laws.

ANSWER: Defendant denies the allegations of paragraph 17.

18. All events giving rise to this cause of action occurred in Urbana, Champaign County, Illinois.

19. ANSWER: Defendant admits the events referenced in the allegations of paragraph 18 took place in Urbana, Champaign County, Illinois, but denies they give rise to any cause of action.

20. The amount in controversy is in excess of $75,000.00.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

## FACTS

21. On or about Friday, September 29, 2017, several students, including plaintiff K.B., were involved in an altercation in the first floor hallway of Urbana Middle School.

ANSWER: Defendant admits the allegations of paragraph 20.

22. Defendant Woods intervened, picked K.B. up bodily and threw plaintiff K.B. down the hall where K.B. fell heavily onto her knees.

ANSWER: Defendant admits the Defendant Woods intervened in the altercation, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21.

23. Defendant Woods, at all times, was acting as the principal of Urbana Middle School, and was in a position of authority.

ANSWER: Defendant admits the allegations of paragraph 22.

24. Defendant Woods did not have any reasonable cause to engage K.B. in an excessive and violent physical manner.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

25. Upon seeing he severely injured Plaintiff K.B., Defendant Woods attempted to pick K.B. from the floor and carry her into a classroom.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

26. Defendant Woods asked Plaintiff K.B. what happened and asked if K.B. was ok.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

27. Plaintiff K.B. informed Defendant Woods that her knees hurt from being thrown down the hall.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

28. Neither Defendant Woods, Owen or the Board contacted Plaintiff Jane Doe as mother of K.B. to inform her of what happened during the school day.

ANSWER: Defendant admits that he did not contact Plaintiff Jane Doe as mother of K.B. to inform her of what happened during the school day but makes no answer on behalf of any other defendant. Defendant denies the remaining allegations of paragraph 27.

29. Later in the evening following the injury sustained at the hands of Defendant Woods, Plaintiff K.B.'s knee swelled up and caused her a great deal of pain.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

30. Plaintiff Jane Doe transported her daughter K.B. to the emergency room at Carle Foundation Hospital for treatment wherein K.B. was diagnosed with a severe knee sprain.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

31. Plaintiff K.B. was placed in a walking boot/knee brace and placed on crutches.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

32. Plaintiff K.B. also received physical therapy for the rehabilitation of her knee.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

33. Woods' actions were taken pursuant to the policies and direction of Owen and the Board.

ANSWER: Defendant admits the intervention in the altercation was taken pursuant to applicable policies, but denies the remaining allegations of paragraph 32.

34. Woods' actions were taken pursuant to his position as Principal under the supervision of Owen and the Board.

ANSWER: Defendant admits Woods' intervention in the altercation was taken pursuant to his applicable position as Principal, but denies the remaining allegations of paragraph 33 as characterized.

35. The Board and Owen had, at all relevant times, and has, a policy, procedure, or practice and custom, of failing to adequately train principals and personnel on the appropriate and correct procedures for apprehension, contacting parents of minors, conducting searches, avoiding profiling students on the basis of race, and preventing violations of the rights of students.

ANSWER: Defendant denies each and every allegation contained in paragraph 34.

36. The Board and Owen had a custom of tolerating or acquiescing in the failure to adequately supervise, discipline its principals, and for failing to train its principals and personnel on the appropriate and correct procedures for apprehension, contacting parents of minors, avoiding profiling students on the basis of race, and preventing violations of the rights of its students.

ANSWER: Defendant denies each and every allegation contained in paragraph 35.

37. The aforesaid actions of the Defendants were reckless, done with deliberate indifference, and disregard and substantial risk of violation and injury to K.B.

ANSWER: Defendant denies the allegations of paragraph 36.

<u>COUNT 1 - VIOLATION OF 42 U.S.C. 1983 BY DEFENDANT WOODS</u>

The allegations contained in Count 1 of Plaintiff's Civil Rights Complaint do not purport to state a cause of action against DONALD D. OWEN, Ed.D., as Superintendent of Urbana School District No. 116, and therefore no answer is required. However, if any allegations contained in Count 1 of Plaintiff's Complaint may be construed as being pleaded against DONALD D. OWEN, Ed.D., as Superintendent of Urbana School District No. 116, Defendant denies the same.

<u>COUNT 2 - VIOLATION OF 42 U.S.C. 1981 BY DEFENDANT WOODS</u>

The allegations contained in Count 2 of Plaintiff's Civil Rights Complaint do not purport to state a cause of action against DONALD D. OWEN, Ed.D., as Superintendent of Urbana School District No. 116, and therefore no answer is required. However, if any allegations contained in Count 1 of Plaintiff's Complaint may be construed as being pleaded against DONALD D. OWEN, Ed.D., as Superintendent of Urbana School District No. 116, Defendant denies the same.

<u>COUNT 3 - VIOLATION OF 42 U.S.C. 1983 BY DEFENDANT BOARD</u>

The allegations contained in Count 3 of Plaintiff's Civil Rights Complaint do not purport to state a cause of action against DONALD D. OWEN, Ed.D., as Superintendent of Urbana School District No. 116, and therefore no answer is required. However, if any allegations contained in Count 1 of Plaintiff's Complaint may be construed as being pleaded against DONALD D. OWEN, Ed.D., as Superintendent of Urbana School District No. 116, Defendant denies the same.

<u>COUNT 4 - VIOLATION OF 42 U.S.C. 1983 BY DEFENDANT OWEN</u>

87. Plaintiff's reallege and restate the allegations of paragraphs 1 through 36 above as though they are fully restated herein.

ANSWER: Defendant re-alleges and restates his answers to the allegations of paragraphs 1 – 36 as if fully re-stated herein this paragraph.

88. Defendant Donald D. Owen, Ed.D, in his capacity as Superintendent of Urbana School District # 116, implicitly or explicitly adopted and implemented careless and reckless polices, customs, or practices, that included, among other things, allowing employees of the Urbana School District #116 to use excessive force without legal justification.

ANSWER: Defendant denies each and every allegation contained in paragraph 88.

89. The failure of Defendant Owen, in his capacity as Superintendent of Urbana School District #116, to adequately train and supervise Defendant Woods amounts to deliberate indifference to the right of Plaintiff K.B. to be free from excessive force under the Fourth and Eight to the Constitution of the United States.

ANSWER: Defendant denies the allegations of paragraph 89.

90. As a result of this deliberate indifference to Plaintiff K.B.'s constitutional rights, Plaintiff K.B. suffered personal injuries and is therefore entitled to relief under 42 U.S.C. Section 1983.

ANSWER: Defendant denies the allegations of paragraph 90.

91. In committing the acts complained of herein, Defendant Owen acted under the color of state law to deprive Plaintiff K.B. as alleged herein of certain constitutionally protected rights to be free from the excessive use of force by persons acting under color of state law and the right to just compensation for any injuries resulting therefrom.

ANSWER:   Defendant denies the allegations of paragraph 91.

WHEREFORE, the Defendant, Donald D. Owen, Ed.D, in his capacity as Superintendent of Urbana School District # 116, respectfully requests that this Court enter judgment in his favor and against Plaintiff.

### COUNT 5 - STATE LAW CLAIM FOR BATTERY (SCOTT WOODS)

The allegations contained in Count 2 of Plaintiff's Civil Rights Complaint do not purport to state a cause of action against DONALD D. OWEN, Ed.D. as Superintendent of Urbana School District No. 116, and therefore no answer is required. However, in that any allegations contained in Count 2 of Plaintiff's Complaint may be construed as being against DONALD D. OWEN, Ed.D., as Superintendent of Urbana School District No. 116, such allegations are denied.

### COUNT 6 - STATE LAW CLAIM FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT DONALD D. OWEN, Ed.D.

96.   Plaintiffs reallege and restate the allegations of paragraphs 1 through 36 above as though they are fully restated herein.

ANSWER:   Defendant re-alleges and restates his answers to the allegations of paragraphs 1 through 36 above as though fully restated herein this paragraph.

97.   Defendant Scott Woods was at all times material to this complaint an employee and agent of Defendant Owen, and acting within the scope of his employment.

ANSWER:   Defendant denies the allegations of paragraph 97 as characterized.

98.   Defendant Owen is liable for the acts of Defendant Woods which violated state law under the doctrine of respondeat superior.

ANSWER:   Defendant needs not answer paragraph 98, as only legal conclusions are asserted therein. To the extent an answer is required, Defendant denies the allegations of paragraph 98.

WHEREFORE, the Defendant, Donald D. Owen, Ed.D, in his capacity as Superintendent of Urbana School District # 116, respectfully requests that this Court enter judgment in his favor and against Plaintiff.

By way of further answer and affirmative defenses, Defendant states as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff requests monetary relief, Defendant is protected from liability and suit by Eleventh Amendment immunity and the doctrine of qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

### THIRD AFFIRMATIVE DEFENSE

As the Plaintiff K.B. was a student engaged in a physical fight with a fellow Urbana Middle School student or students, she subjected herself to the risk of getting injured.

### FOURTH AFFIRMATIVE DEFENSE

As the Plaintiff, K.B., was a student engaged in a physical fight with a fellow Urbana Middle School student or students, and, it was reasonable, appropriate, and necessary for the Defendant Woods, as principal of Urbana Middle School, to intervene and break up the fight to protect the Plaintiff K.B. as well as other students at the school.

Defendant demands a trial by jury.

Respectfully submitted,

\_\_s/ George J. Manos_____
Attorney for Defendant Donald D. Owen, Ed.D, in his capacity as Superintendent of Urbana School District # 116

George J. Manos, Esq.  ARDC #:  6193694
Lewis Brisbois Bisgaard & Smith LLP
550 W. Adams Street, Suite 300
Chicago, Illinois 60661
(312) 345-1718
George.Manos@lewisbrisbois.com